KIRBY *et al. v.* JOHNSON COUNTY SAVINGS BANK *et al.*

FISH, C. J.  1. Where in a case in which an application was made for an interlocutory injunction the judge of the circuit, including the county in which the case was brought, was disqualified to preside on account of relationship to one of the parties, and the judge of another circuit took jurisdiction for that reason, he could not be ousted of jurisdiction by an agreement between some of the parties to the case to waive the disqualification of the judge of the circuit. Nor would this result follow, although in his preliminary order the judge who assumed jurisdiction included a provision that should the disqualification of the judge of the circuit be waived by the plaintiffs and defendants so that it could be heard before the judge of the circuit in which it was pending, the latter "may take charge of said case and grant such order as he may see proper, but on failure to waive this disqualification the case will be heard before me at the time and place above specified."

(*a*) Under such facts there was no error in overruling an objection by the plaintiffs to the hearing of the application for injunction by the judge who had assumed jurisdiction because of the disqualification of the resident judge of the circuit, one of the defendants, who had not waived the disqualification, insisting upon such hearing.

2. There was no error in refusing to grant an injunction in this case.

*Judgment affirmed.  All the Justices concur.*
MARCH 11, 1914.

Petition for injunction. Before Judge Bell. Douglas superior court. November 15, 1913.

*J. S. James,* for plaintiffs.  *Boykin & Boykin,* for defendants.